UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE JACKS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O SIMPSON, et al.,<br><br>　　　　　　Defendants. | No. 2:22-cv-0693 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

　　　　This action was removed from state court. "[R]emoval jurisdiction statutes are strictly construed against removal." See <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

　　　　In conclusory fashion, the removal petition alleges the complaint is subject to federal question jurisdiction. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

////

1

In his appended cause of action, "General Negligence," plaintiff alleges that Correctional Officer Simpson, despite knowing plaintiff was to receive a kosher tray, refused to provide plaintiff with a kosher tray for three days, depriving plaintiff of food for three days, and subjecting him to physical pain and suffering. Plaintiff seeks money damages.

Although plaintiff added "ADA violation" to a series of putative causes of action on the state court form (ECF No. 1 at 7), plaintiff's factual allegations do not support a claim under the Americans with Disabilities Act. Moreover, while plaintiff claimed in his appended grievance that a kosher diet was guaranteed to him under the First and Fourteenth Amendments, plaintiff did not include such causes of action in his complaint. Importantly, based on plaintiff's underlying factual allegations, such putative claims are not colorable. Rather, as pled by plaintiff, his claims sound in negligence. The undersigned finds that defendants have failed to meet their burden of establishing federal jurisdiction and the matter should therefore be remanded.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that the above-entitled action be summarily remanded to the Superior Court of California, County of Sacramento, Case No. 34-2021-00310294-CU-PO-GDS.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jack0693.rem

2